FRANK J. AUBREY, as Administrator, etc., of ALTA MAE AUBREY, Deceased, Appellant, v. CLARENCE A. KNIGHT and Another, Respondents.— Appeal from a judgment of the Supreme Court, entered in the Schenectady county clerk's office on December 5, 1935, in favor of the defendants and against the plaintiff upon a jury's verdict of no cause of action and for sixty-seven dollars and fifty cents costs, and an order denying plaintiff's motion to set aside the verdict and for a new trial, and also an appeal from an order of the Supreme Court, entered in the Schenectady county clerk's office on January 21, 1936, denying plaintiff's motion for a new trial. Plaintiff's intestate, a girl nine years old, was killed by being struck by an automobile owned by the defendant Clarence A. Knight and operated by his son Alton H. Knight. There was a clear question of fact and the evidence was ample to support the verdict. Order and judgment unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

ROWLAND B. DUTCHER and GEORGE A. DUTCHER, Respondents, v. HENRY DECKER, Appellant.— Appeal from a judgment in favor of plaintiffs entered in Otsego county clerk's office upon a verdict in favor of plaintiffs for $2,500; also appeal from an order denying new trial. The action is brought to recover damages for false representations by which plaintiffs were induced to purchase defendant's farm, such misrepresentations being to the effect that said farm had a never-failing well and a never-failing spring at the milk house with abundance of water at said spring which alone was sufficient to cool the milk adequately and furnish abundance of water therefor. The first trial of this action was before a referee and his decision and the judgment thereon in favor of plaintiffs was reversed because of errors of law committed on that trial. The second trial, which resulted in the verdict and judgment herein, were before the court and a jury. The appellant now urges that the verdict was contrary to the law and evidence and against the weight of evidence, but on this issue the verdict was amply warranted. Appellant also claims that certain statements made by the counsel who conducted the examination of witnesses for plaintiffs were improper. In behalf of plaintiffs it had been testified that when they examined the premises before purchase, the spring in question was overflowing and the water was very cold. Plaintiffs' trial counsel then stated, "Maybe we'll show this was a put-up job and the well was filled with water and ice put in there." Defendant's counsel immediately moved for a mistrial, which was denied, and plaintiffs' trial counsel then said, "That is going to be part of our case when we get to it." No attempt was made on behalf of plaintiffs to show that any ice had been put in the spring to make the water appear cold. The court below, however, did not deem the matter sufficiently serious to declare a mistrial or later to set aside the verdict and upon the whole record there is not sufficient shown to warrant interference with his discretion. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.